Giíeev, J.
delivered the opinion of the court.
1. It is contended in this case, that the order of reference was a discontinuance of the cause, and that the court had no power after the submission to proceed in the cause; and the case of Jewell vs. Blankenship, 10 Yerg. 437, is relied on.
In that case, the submission of the cause to arbitration was made out of court, by agreement of the parties. In such case the court held it was a discontinuance of the cause in court. See, also, 1 Jh. Rep. 315: 18 Jh. 22. But here the submission was by a rule of court. The cause was still in court, to await the award, which, by the terms of the submission, was to be made the judgment of the court. The arbitrators made no award, and the court proceeded with the cause. This it clearly had the power to do. White vs. Puryear, 10 Yerg. 441: Watson on Arb. and Aw. 25.
2. It is objected, that the court did not charge the jury that the assent of Vick in leaving the employment of Hays might be inferred from his conduct, in seeking other employment. The facts of the case did not call for sucha charge from the judge. The employment in which Vick engaged, was that of a day laborer, and did not at all interfere with his readiness to attend Hays in his surveying at any moment his services might be required. Besides, the judge was not requested to give the charge suggested, and we cannot regard as error, the failure of the court below to charge every proposition that may possibly have some remote application to the *518 case; such a course would rather tend to bewilder than to enlighten the jury. In declaring the law to the jury, it is highly proper for the judge to confine himself to a clear and explicit statement of those principles, which, in his judgment, have an immediate application to the facts of the case before him.
3. Upon the facts of the case, there is no ground for a new trial. There is no evidence what amount Vick earned chopping wood and driving a waggon in Arkansas, and therefore we cannot see that the jury has not made a sufficient allowance for the profit of such work, and for the axes and blanket retained by Vick. There is, therefore, no error in the judgment.
Let the judgment be affirmed.